## MAXWELL MOTOR SALES CORPORATION v. LOUWEIN.

No. 9402—Opinion Filed Aug. 13, 1918.

(174 Pac. 260.)

**Principal and Agent — Evidence of Agency —Sufficiency.**

The evidence in this case examined, and held insufficient to sustain the judgment of the trial court.

(Syllabus by Pryor, C.)

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Action by G. Louwein against the Maxwell Motor Sales Corporation. Judgment for plaintiff, and defendant brings error. Reversed.

H. W. Harris, for plaintiff in error.

Cox & Cox, for defendant in error.

Opinion by PRYOR, C. On the 17th day of August, 1914, Herrick & Vandervoort, distributors for the Maxwell Motor Sales Corporation, entered into a contract with the plaintiff, G. Louwein, granting him the right to sell the Maxwell automobile in certain townships in Lincoln county, Okla. In said contract Herrick & Vandervoort were designated as "distributors," and Louwein as "dealer." The contract contained the following provision:

"The dealer has deposited with the distributor the sum of one hundred twenty dollars ($120) as a guaranty of the payment of his repair parts account, and to avoid the necessity of C. O. D. shipments of such repair parts and to reimburse the distributor for payment of freight charges, demurrage, advertising or any other expenditure made by the distributor in the protection of the dealer under this agreement,

which amount shall be maintained throughout the period of this agreement and shall be returned to the dealer at the expiration of this agreement less any amount due the distributor from the dealer, it being understood and agreed that the dealer's deposit shall not exceed $100.00 for a ten car contract or less than $5.00 for each additional car."

In pursuance to this provision the plaintiff deposited $120 with the distributors, who afterwards became insolvent and ceased to do business as such distributors, and failed to return the deposit. The plaintiff, G. Louwein, brought action for the $120 deposit against the Maxwell Motor Sales Corporation, claiming that Herrick & Vandervoort, distributors for said company, were agents of the company, and received the money as such agents in the course of the performance of their duties for their principal, the Maxwell Motor Sales Corporation, and that the company is liable to the plaintiff for the money so deposited with said distributors. The company claims that Herrick & Vandervoort were not the agents of the company, and that under its contract with them they were independent dealers, purchasing Maxwell automobiles and repair parts and selling the same. The distributors, Herrick & Vandervoort, purchased repair parts from the company under a provision of their contract with the company similar to the one above set out, except they were required to make a deposit of $350 with said company as a guaranty of payment for parts purchased. The contract between the Maxwell Motor Sales Corporation and the distributors contained this provision:

"It is hereby expressly agreed and understood by and between the parties hereto that the distributor is in no way the representative or agent of the company and has no right or authority from it to assume or create any obligation of any kind, express or implied, on its behalf, or to bind it in any respect whatsoever."

At the conclusion of the evidence the trial judge directed the jury to return a verdict for the plaintiff against the defendant company for the amount sued for, $120, with interest. The jury returned verdict in accordance with such instruction.

The only question presented on appeal for determination is whether or not the court under the evidence erred in directing the verdict for plaintiff. An examination of the evidence as disclosed by the record clearly shows that the plaintiff failed to establish the alleged agency. The distributors, Herrick & Vandervoort, were dealers for the Maxwell automobile and automobile repair parts. They purchased the automobiles from

the company, and the various repair parts, and paid cash therefor. They were limited to certain territory in Oklahoma, and part of this territory they gave the plaintiff the right to sell the Maxwell automobile in. Under their contract as stated above, they were not agents or representatives of said company, and could not bind it in any manner whatsoever. The plaintiff made his contract with them. His agreement was that they should furnish him the repair parts for which he would pay them, and make deposit to guarantee the payment of such repair parts furnished him, which he did. There was no contractual relations between the plaintiff and defendant company. The fact that the company required the contract between the distributors and dealers to be written on forms prepared by it, and that the same must be approved by it, and to some extent reserved the control of the policy of the sale of its automobiles, protected the territories of its dealers from infringement by each other, to the end that it might promote the sale and market for its machines, would not constitute its dealers and distributors its agents. Neither is there any evidence showing that the defendant company had allowed the distributors to hold themselves out as agents of said company. The plaintiff totally fails to establish the liability of the company.

The judgment of the trial court should therefore be reversed.

By the Court: It is so ordered.